IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J. GREGORY BARRON,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A. and A.S.C. FOR NORWEST HOME IMPROVEMENT; "JOHN DOE # 1-5" and "JANE DOE # 1-5", said names being fictitious, it being the intention of Plaintiff to designate any and all persons or corporations, if any, having or claiming an interest in or lien upon the premises herein,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:05-CV-1392-RWS |

**ORDER**

Now before the Court are Plaintiff's (1) Motion for Reconsideration [23] and (2) Motion for Reconsideration on Additional Grounds, Motion for Leave to Amend Complaint, and Motion for Stay [24]. After considering the entire

record, the Court enters the following Order.

## Discussion

The relevant facts of this case are set forth in the Court's September 6, 2005 Order granting Defendants' Motion to Dismiss [21]. Plaintiff, in two motions, now seeks reconsideration of that Order on the grounds that (1) "Plaintiff was never properly served nor notified of this motion to dismiss" (Mot. for Recons. [23] at 2); (2) "Plaintiff was never notified either by the Court or by Defendants of any hearing regarding the motion to dismiss or of any other hearing" (id.); and (3) "multiple causes of action were not addressed or adjudicated in the court's prior order on defendant's motion to dismiss." (Mot. for Recons. on Additional Grounds [24] at 2.) Additionally, Plaintiff appears to seek leave to amend his Complaint and requests that the Court stay its decision on his Motions to Reconsider pending that request.

The Court's decisions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 287 (N.D.Ill. 1988), and motions for reconsideration should not be filed as a matter of routine practice. LR 7.2(E), NDGa. Rather, such motions "should be reserved for certain limited situations,

namely the discovery of new evidence, an intervening development or change in the law, or the need to correct a clear error or prevent a manifest injustice." Deerskin Trading Post, Inc. v. United Parcel Serv. of Am., Inc., 972 F. Supp. 665, 674 (N.D. Ga. 1997) (citing Preserve Endangered Areas of Cobb's History v. United States Army Corps of Engineers, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996)).  Given the narrow scope of motions for reconsideration, they may not be used in a variety of circumstances. A motion for reconsideration may not be used to offer new legal theories or evidence that could have been presented in a previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation.  Escareno v. Noltina Crucible & Refractory Corp., 172 F.R.D. 517, 519 (N.D. Ga. 1994) (citing O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992)).  Similarly, a motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind."  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).  Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time."  Preserve

AO 72A
(Rev.8/82)

Endangered Areas of Cobb's History v. United States Army Corps of Engineers, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).

Plaintiff has made no showing which would indicate that reconsideration is warranted.  First, Plaintiff asserts that the Court should reconsider its Order dismissing his case because he was never served with notice of the Motion to Dismiss.   Defendants state that a copy of the Motion to Dismiss "was properly placed in the United States mail, postage prepaid, addressed to Plaintiff's address of record [which is] the same address Plaintiff used when he filed his Motion[s] for Reconsideration."  (Defs.' Resp. [25] at 6.)  Furthermore, notices were sent by the Court via United States mail to the same address indicating both that the Motion to Dismiss had been filed and that it had been submitted to the Court for a decision.  Neither of these notices were returned to the Court as undeliverable.  When viewed in this light, the Court finds Plaintiff's assertion that he failed to receive any notice of the Motion to Dismiss unworthy of credence.

Second, Plaintiff asserts that he was not provided notice of any hearing related to Defendants' Motion to Dismiss.  The explanation for this is simple: no hearing was ever held.  Rather, the Court ruled on Defendants' Motion to

Dismiss based solely on the pleadings, with all facts alleged in the Complaint taken as true and viewed in a light most favorable to the Plaintiff.  Thus, this ground for reconsideration is wholly without merit.

Third, Plaintiff seeks reconsideration based upon the fact that "multiple causes of action were not addressed" in the Court's Order dismissing his case. Specifically, Plaintiff points to his claims under Regulation Z, 12 C.F.R. § 226.1 et seq.  But, Regulation Z is the is the implementing regulation for the Truth in Lending Act ("TILA").  As Defendants rightly note, the Court's dismissal of Plaintiff's case under the TILA necessarily and implicitly dismissed any and all claims under Regulation Z as well.

First, as the Court explained in its Order dismissing Plaintiff's case, the right to rescind a residential mortgage transaction is expressly excepted under the TILA.  15 U.S.C. § 1635(e)(1).  The term "residential mortgage transaction" is defined as

> a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling.

15 U.S.C. § 1602(w).  From the warranty deed, the deed to secure debt, and

5

Plaintiff's own allegations, it is clear both that the subject property was Plaintiff's dwelling and that the loan and corresponding security interest were provided in order that Plaintiff might acquire that dwelling. (See Mot. to Dismiss [20] Exs. A & B, Notice of Removal with Compl. [1-1] ¶ 20 (stating that "[o]n or about May 17, 2002, [Plaintiff] J . Gregory Baryon [sic] conferred with [agents] of WELLS FARGO, in reference to a Mortgage Loan for financing of his principal dwelling.") (emphasis supplied).)  As such, the loan about which Plaintiff complains constitutes a "residential mortgage transaction" within the meaning of the TILA and Plaintiff has no right to rescind.  Because Plaintiff had no right to rescind under the TILA, the recision provisions of its implementing regulations are inapplicable.  Second, the Court explained that Plaintiff's claims for damages, either statutory or actual, were clearly barred by the applicable statute of limitations under the TILA.  Therefore, as Plaintiff has no viable claim under the TILA for either recision or damages, his claims under Regulation Z necessarily fail and dismissal of his entire case was warranted.

Finally, to the extent that Plaintiff seeks leave to amend his Complaint, that request is denied.  Initially, Plaintiff's case has been dismissed and Plaintiff may not now seek leave to amend his complaint to address the glaring

6

AO 72A
(Rev.8/82)

deficiencies which provided the basis for that dismissal.  Furthermore, even if amendment were appropriate, which it is not, Plaintiff in his motion wholly fails to provide any basis for the court to determine whether such amendment is warranted under Rule 15.  As such, Plaintiff's request for leave to amend his complaint is denied and a stay is unnecessary.

## Conclusion

Based on the foregoing, Plaintiff's Motion for Reconsideration [23], and Motions for Reconsideration on Additional Grounds, Motion for Stay and Request for Leave to Amend [24] are hereby **DENIED**.

**SO ORDERED** this   17th   day of November, 2005.

/s/ Richard W. Story
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)